UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**ARGONAUT INSURANCE COMPANY**　　　　　　　　　　**CIVIL ACTION**

**VERSUS**

**FALCON V, L.L.C., ET AL.**　　　　　　　　　　　　　**NO. 20-00702-BAJ-SDJ**

## ORDER

　　　　Before the Court is Appellant Argonaut Insurance Company's **Request for an Order Certifying a Direct Appeal to the Court of Appeals for the Fifth Circuit of a Final Order Determining that a Surety Bond Program is not an Executory Contract under the Bankruptcy Code (Doc. 3)**. Appellees Falcon V. L.L.C. and its affiliate reorganized debtors opposes Appellant's Motion. (Doc. 6).

**I.　BACKGROUND**

　　　　Appellant seeks a limited appeal from the final Order issued by United States Bankruptcy Court for the Middle District of Louisiana on October 2, 2020 ("Order"), (Bankr. Doc. 608), seeking review and reversal of the Bankruptcy Court's determination that the Surety Bond Program is not an executory contract. (Doc. 3, p. 5). Appellant argues that the Surety Bond Program is an executory contract, and thus assumable under Bankruptcy code Section 365(c)(2). (Doc. 3, p. 5). Appellant asserts that there is no controlling Fifth Circuit or Supreme Court precedent on the question of whether a surety bond program constitutes an executory contract, and therefore the issue is ripe for direct certification under 28 U.S.C. § 158(d)(2). (Doc. 3,

1

p. 7). Appellee contends that there is, in fact, controlling Fifth Circuit precedent on this question of law, and therefore Appellant has no ground for direct appeal. (Doc. 6, p. 1–2.

## II. LEGAL STANDARD

Generally, the district courts of the United States have jurisdiction to hear appeals "from final judgments, orders, and decrees. . . of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title." 28 U.S.C. § 158(a)(1). However, pursuant to 28 U.S.C. § 158(d)(2), the appropriate court of appeals may assume jurisdiction over such appeals if the bankruptcy court or district court, on its own or at the request of a party to the judgment, certify that:

> (i) the judgment, order, or decree involves a question of law as to which there is no controlling decision of the court of appeals for the circuit or of the Supreme Court of the United States, or involves a matter of public importance;
> (ii) the judgment, order, or decree involves a question of law requiring resolution of conflicting decisions; or
> (iii) an immediate appeal from the judgment, order, or decree may materially advance the progress of the case or proceeding in which the appeal is taken.

28 U.S.C. § 158(d)(2)(A).

If the district court determines that a circumstance specified in one of the aforementioned clauses applies, "the district court. . . shall make the certification as described in subparagraph (A)." 28 U.S.C. § 158(d)(2)(B).

## III. ANALYSIS

In its request for direct appeal, Appellant frames the issue as follows: "Did the Bankruptcy Court err as a matter of law in determining that the Argonaut Surety

Bond Program is not an executory contract under Bankruptcy Code section 365?" (Doc. 3, p. 6). Appellant further asserts that because "it rightfully believes that a surety bond is an executory contract within the 'Countryman' definition[1], the Bankruptcy Court's decision reaching the opposite result highlights the ambiguity" in the controlling law. (Doc. 9, p. 3). Appellees assert that Appellant in effect contents that the standard was applied incorrectly, not that there is no controlling jurisprudence on the issue. (Doc. 6, p. 4).

The Fifth Circuit has established precedent relating to the issue. In its order, the Bankruptcy Court relied on *In re Provider Meds, L.L.C.*, 907 F.3d 845 (5th Cir. 2018). There, the Fifth Circuit opined:

> The Bankruptcy Code does not define the term "executory contract," but we have concluded that a contract is executory if "performance remains due to some extent on both sides" and if "at the time of the bankruptcy filing, the failure of either party to complete performance would constitute a material breach of the contract, thereby excusing the performance of the other party."

*Id.* at 851.

Relying on this Fifth Circuit precedent, the Bankruptcy Court determined that, viewing solely the obligations between Appellee and Appellant, the surety bond program was not an executory contract. *In re Falcon V, L.L.C.*, 620 B.R. 256, 265 (Bankr. M.D. La. 2020). Appellant alleges that the Bankruptcy Court "ignored the tripartite relationship of the Surety Bond Program. . . [and in doing so] erred in

---

[1] "The source of this definition is a two-part article by Professor Vern Countryman, *Executory Contracts in Bankruptcy: Part I*, 57 MINN. L. REV. 439, 458–62 (1973), and *Executory Contracts in Bankruptcy: Part II*, 57 MINN. L. REV. 479 (1974)." *In re Murexco Petroleum, Inc.*, 15 F.3d 60, 63 n. 8 (5th Cir. 1994).

3

holding that the Surety Bond Program was not executory." (Doc. 3, p. 7). This, however, does not reveal a lack of controlling precedent. Instead, Appellant argues that the Bankruptcy Court should depart from Fifth Circuit precedent in light of its obligations to third parties. (Doc. 3, p. 7). However, 28 U.S.C. § 158(d)(2)(A)(i) only permits direct appeal if a "judgment, order, or decree involves a question of law as to which there is *no* controlling decision." (emphasis added). Here, The Fifth Circuit has provided a controlling decision on the issue. Appellant merely disagrees with the Bankruptcy Court's application of such precedent to this case.

Accordingly,

**IT IS ORDERED** that the Appellants' **Request for an Order Certifying a Direct Appeal to the Court of Appeals for the Fifth Circuit of a Final Order Determining that a Surety Bond Program is not an Executory Contract under the Bankruptcy Code (Doc. 3)** is **DENIED**.

Baton Rouge, Louisiana, this 15th day of March, 2021

_____
**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

4